IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:17-CR-129-D (1) |
| | § | |
| **DANYELL MICHELLE ROBERTS** | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Defendant Danyell Michelle Roberts ("Roberts") has filed Notice of Appeal of her criminal conviction in the above-styled case.

Roberts' pro se notice of appeal was filed on November 20, 2018 [ECF 51], which was after the last day to file a timely notice of appeal, which was October 31, 2018. S*ee* Fed. R. App. Proc. 4(b)(1)(A)(i).

The United States Court of Appeals for the Fifth Circuit remanded this action to this Court to determine "whether the untimely filing of the notice of appeal was due to excusable neglect or good cause." [ECF 52]; *see* Fed. R. App. Proc. 4(b)(4); *United States v. Awalt*, 728 F.2d 704, 705 (5th Cir. 1984) ("In criminal cases, the Fifth Circuit treats the filing of an untimely notice of appeal within the additional thirty-day period as a motion for a determination whether the defendant is entitled to an extension of time to appeal.").

United States Senior District Judge Sidney A. Fitzwater has referred the determination as to excusable neglect or good cause to the undersigned United States Magistrate Judge "for hearing, if necessary, and recommendation or determination to this court." [ECF 54] (citing 28

U.S.C. § 636(b)).

The undersigned issues the following findings of fact, conclusions of law, and recommendation that Roberts should be granted an extension of time to appeal because good cause for the untimely notice of appeal exists.

## I.   LEGAL STANDARD

Federal Rule of Appellate Procedure 4(b)(4) provides that:

> [u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

In 1998, Rule 4(b) was amended to permit courts to grant an extension of time upon a "finding of excusable neglect or good cause." Fed. R. App. Proc. 4. First, the rule's 1998 amendment gives the district court discretion to grant extensions for good cause whenever the court believes it appropriate to do so, provided that the extended period does not exceed 30 days after the expiration of the time otherwise prescribed by Rule 4(b). Second, paragraph (b)(4) was amended to require only a "finding" of excusable neglect or good cause and not a "showing" of either of those. *See Krepps v. Gov't of the V.I.*, No. CRIM.A.1999/0047, 2009 WL 1117297, at *2 n.5 (D.V.I. Apr. 22, 2009) (quoting and citing Fed. R. App. Proc. 4 advisory committee's note, 1998 Amendments, Subdivision (b)).

A court's determination as to excusable neglect is at bottom an equitable one, taking into account all of the relevant circumstances surrounding the party's omission. These include:

(1) danger of prejudice to government;

(2) length of delay;

(3) potential impact of delay on judicial proceedings;

(4) reason for delay, including whether such delay was within reasonable control of defendant; and

(5) whether defendant acted in good faith.

Fed. R. App. Proc. 4(b); *see also Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (quoting *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998) (in turn quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); internal quotation marks omitted).

Excusable neglect is similar, but not identical to, the good cause standard in civil cases. *See Aguilar v. Thaler*, No. 3:12-cv-35-L-BK, 2013 WL 3356491, at *2 (N.D. Tex. July 2, 2013) ("Excusable neglect is not limited to errors caused by circumstances beyond the late-filing party's control, but covers inadvertent delays, as well. However, 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect.' " (citing *Pioneer*, 507 U.S. at 394-95)). "Although *Pioneer* addressed excusable neglect in the context of a bankruptcy proceeding … the Fifth Circuit, among other Courts of Appeals, has determined that '*Pioneer* controls determinations of excusable neglect under Rule 4(b).' " *United States v. Clark*, 51 F.3d 42, 43 (5th Cir. 1995); *see also United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (extending *Pioneer's* standard for excusable neglect to Rule 4(b) after "recogniz[ing] that the term might not have the same meaning in different rules; but absent some specific reason to depart from *Pioneer*, we should follow the Supreme Court's lead" (citations omitted)).

Examining Roberts' actions in pursuit of an appeal in this matter, the undersigned finds the untimely filed notice of appeal should be considered based on excusable neglect.

## II.    ANAYLSIS

The Court of Appeals has cautioned that, under the applicable standard, it would not be an abuse of discretion for a district court to find no excusable neglect where a late notice of

appeal was filed in "a garden variety criminal appeal," where "there was nothing complicated or novel about the procedural posture of the case, and noticing an appeal required nothing unusual or difficult." *United States v. Clark*, 51 F.3d 42, 43-44 (5th Cir. 1995); *see also United States v. Mata-Gomez*, 244 F.3d 136, 2000 WL 1901605, at *1 (5th Cir. Dec. 13, 2000) (per curiam) (" '[A] misconstruction of the rules – especially when their language is plain – will rarely satisfy the "excusable neglect" standard.' If 'the rule at issue is unambiguous, a district court's determination that the neglect was inexcusable is virtually unassailable.' " (quoting *Halicki v. La. Casino Cruises, Inc*., 151 F.3d 465, 469 (5th Cir. 1998))).

Although the Court is not persuaded by Roberts' argument that she believed the deadline for filing a Notice of Appeal was 30, rather than 14, days, especially given the statement filed by her attorney in response to the Court's briefing order, the Court must weigh all factors to determine if excusable neglect should be found.

As to the first factor, the Court finds it relevant that the government has filed a response indicating non-opposition to a finding of excusable neglect; therefore, the Court will assume that the government is not prejudiced by the delay in filing the Notice of Appeal. Additionally, it appears Roberts took some steps to file timely by the October 31, 2018 deadline, and in fact mailed her notice (at the latest) by November 15, 2018, just two weeks past the deadline. The Court finds this length of time and the impact it would have on the proceedings negligible in this instance. The docket in this matter reveals that Roberts' attorney filed a Motion to Suppress evidence in her case, which was heard and decided prior to her entry of a plea. Further, there is no indication that Roberts entered into any agreement to waive her right to appeal, and therefore parties were likely expecting an appeal to occur. Taken in conjunction with the government's non-opposition to this motion, the Court finds no prejudice was caused by the delay in filing.

The Court determines that the reason for the delay appears to be within the control of the defendant. Although her retained counsel did not file the Notice of Appeal on her behalf prior to

withdrawing from representation, it appears a conversation took place between Roberts and her attorney in which she indicated to him that she had timely filed her Notice of Appeal on her own by the deadline. Roberts continues to assert in her response to the Briefing Order that she filed her Notice of Appeal by the October 31, 2018 deadline, despite no evidence of mailing or other attempted submission until November 15, 2018. Although this factor weighs against excusable neglect, it is not determinative on the whole.

    Finally, the Court must consider whether Roberts acted in good faith in attempting to timely file her Notice of Appeal. Questions remain for the Court whether Roberts believed she had properly submitted the Notice of Appeal on October 31, 2018 by electronic submission. The Court notes that criminal defendants cannot register for the electronic case filing system, so electronic filing for a *pro se* litigant would have been unavailable. Further, Roberts was in contact with her attorney and was informed the Court had not received a Notice of Appeal on October 31, 2018, when she indicated to her attorney that she had filed one on that date. Roberts has now filed a request, which the Senior District Judge granted, to proceed *in forma pauperis* on her appeal. The responses to the undersigned's briefing orders appear to be somewhat inconsistent as to whether Roberts had the funds to file on October 31, 2018.

    On the other hand, the Court notes that these same responses show Roberts actively pursued appeal immediately following her sentence. Initially, Roberts was in contact with her attorney about an appeal and the funds needed to retain him for the appeal. Roberts, now proceeding *pro se* on the appeal, indicates she accessed the Notice of Appeal form electronically on the Court's website, which could be cause for confusion as to whether the Notice was actually filed. Further, Roberts timely responded to the Court's Briefing Order and has maintained contact with the Court since her sentence was imposed. On balance, the Court finds this factor may weigh slightly against a finding of good faith, but on the whole considering all the factors, the Court finds Roberts has demonstrated excusable neglect.

### III.  RECOMMENDATION

For the reasons set forth above, the undersigned finds that Roberts has shown excusable neglect for the late filing of her notice of appeal, it is recommended that Roberts be granted an extension of time to appeal under Federal Rule of Appellate Procedure 4(b)(4).

### IV.  INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on January 11, 2019.

*[signature: Lee Ann Reno]*

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### *NOTICE OF RIGHT TO OBJECT*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).